a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| VESTER JOHNSON,<br>Plaintiff | CIVIL DOCKET NO. 1:19-CV-1010-P |
| VERSUS | JUDGE DRELL |
| TAYLOR TOWNSEND, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (Docs. 1, 4) filed by *pro se* Plaintiff Vester Johnson ("Johnson") (#283982). Johnson is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Johnson seeks compensatory damages for an allegedly wrongful conviction. (Docs. 1, 4).

Because Johnson's Complaint (Docs. 1, 4) is barred by Heck v. Humphrey, 512 U.S. 477 (1994), it should be DENIED and DISMISSED.

## I.   Background

Johnson was convicted of the aggravated rape of his wife's eight-year-old granddaughter. State v. Johnson, 43,843 (La.App. 2 Cir. 1/28/09); 2 So.3d 606, 608, writ denied, 2009-0464 (La. 11/6/09); 21 So.3d 300. His conviction and sentence were affirmed. Id. Johnson sought post-conviction relief, which was denied. State ex rel. Johnson v. State, 2012-0173 (La. 8/22/12); 97 So.3d 364; State ex rel. Johnson v. State, 2015-0594 (La. 1/25/16); 184 So.3d 12.

Johnson filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in

this Court, which was denied.  Johnson v. Cain, 12-CV-2997, 2016 WL 590239 (W.D.

La. Feb. 10, 2016).  The United States Court of Appeals for the Fifth Circuit denied

Johnson's request for certificate of appealability.  (5:12-CV-2997, W.D. La.; Doc. 43).

The United States Supreme Court denied writs.  Johnson v. Vannoy, 138 S.Ct. 105;

199 L.Ed.2d 66 (2017).

Johnson previously filed a § 1983 Complaint in this Court complaining that his

constitutional rights were violated during the grand jury proceedings and that his

arrest was unlawful.  (5:11-CV-1471, W.D. La.; Doc. 1).  The Complaint was dismissed

with prejudice.

In the § 1983 Complaint now before this Court, Johnson alleges that the victim

recanted her testimony in 2017.  Johnson filed a new application for post-conviction

relief in the trial court.  (Doc. 4, p. 4).  A hearing was scheduled, but the victim decided

not to testify.  (Doc. 4, p. 4).  Johnson alleges that the District Attorney coerced the

victim at the time of trial and intimidated her when she was going to recant.  (Doc. 4,

pp. 4-5).

II.    Law and Analysis

A.    Johnson's Complaint (Docs. 1, 4) is subject to screening under 28 U.S.C.
§ 1915A.

As a prisoner seeking redress from an officer or employee of a governmental

entity, Johnson's complaint is subject to preliminary screening pursuant to 28 U.S.C.

§ 1915A.  See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam);

Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding

that prison management corporations and their employees are state actors under § 1983). Section 1915A(b) provides for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B.   Johnson's complaint is barred by Heck v. Humphrey.

Johnson seeks monetary damages because his conviction was allegedly obtained through coercion of the victim. He also complains that the prosecutors conspired to prevent the victim from recanting her testimony at a post-conviction hearing. (Docs. 1, 4).

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into

3

question by a federal court's issuance of a writ of habeas corpus.  See Heck, 512 U.S. at 486–87.

An award of damages for Johnson's claims of coercion and conspiracy would imply the invalidity of his conviction, which has not been reversed, expunged, or called into question by the issuance of a writ of habeas corpus.  Therefore, Johnson's claims are barred by Heck.

## III.    Conclusion

Because Johnson's claims are barred by Heck, IT IS RECOMMENDED that the Complaint (Docs. 1, 4) be DENIED and DISMISSED under § 1915A, WITH PREJUDICE to being asserted again until the Heck conditions are met.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation

---

[1] See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (order of dismissal should read: "Plaintiffs claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.")

within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 28th day of October 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE